# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C. ACORD,<br><br>    Petitioner,<br><br>    v.<br><br>THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No.: 1:16-cv-01657-JLT (HC)<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY-DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

In this action, Petitioner claims that prisoners who are serving their felony sentences in jail are being required to serve longer sentences than those prisoners incarcerated in state prisons. Because the petitioner fails to state a cognizable claim, fails to name a proper respondent, and fails to demonstrate exhaustion of state remedies, the petition will be **DISMISSED** with leave to amend.

## **DISCUSSION**

A. <u>Procedural Grounds for Summary Dismissal.</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.   Insufficient Information and Standing

A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "…'N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

In this case, the petitioner complains that prisoners serving their felony sentences in jails pursuant to AB109 are being required to serve 17% longer sentences than those prisoners serving their sentences in state prisons.  He claims this violates the AB109 prisoners' due process rights, their rights to equal protection, and constitutes additional punishment for the same offense.  Nevertheless, Petitioner fails to provide sufficient information to state a claim.

For this Court to have subject matter jurisdiction, Petitioner must have standing to sue at the time the action is filed.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 569 n. 4 (1992).  Here, Petitioner provides no facts as to how the alleged violations affect him.  He provides no information on his conviction, his sentence, his current incarceration status, how the alleged violations have impacted his sentence, or any background facts whatsoever that would permit the Court to review his claims[1].  Therefore, Petitioner fails to establish standing to sue, and he fails to state a claim pursuant to Rule 2(c).

---

[1] Moreover, it appears the petitioner may believe he may bring claims on behalf of other people in this habeas action; he may not.

Accordingly, Petitioner will be required to submit a First Amended Petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual allegations, in order for this case to proceed.

C. <u>Exhaustion of Remedies</u>.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).

Here, Petitioner fails to state whether he has sought relief in the state courts. If he has not presented his claims to the California Supreme Court, the petition is unexhausted and must be dismissed. <u>Rose</u>, 455 U.S. at 518. In his amended petition, Petitioner must provide the specific information regarding what claims he has raised in the California Supreme Court, when those claims were denied, and provide copies of the state high court's orders denying those claims.

///

D.  <u>Failure to Name A Proper Respondent</u>.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u> <u>also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. <u>Id</u>.

Here, Petitioner has named the State of California as Respondent.   However, the State of California is not the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970).  However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same).

E.  <u>Failure to State A Cognizable Federal Habeas Claim</u>.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States.  See also Rule 1 to the Rules

Governing Section 2254 Cases in the United States District Court. The U.S. Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner alleges a violation of due process, equal protection and ex post facto. However, it is unclear exactly how these constitutional rights are being violated. Petitioner claims that offenders serving their "AB109 Felony sentences" are not being granted the same 17% reduction from 50% to 33% as those offenders serving their felony sentences in state prison. Petitioner fails to state how this is so and therefore fails to state a claim.

Moreover, the claim appears to be meritless. On October 1, 2011, legislation known as the "Realignment Act" became operative. See Stats.2011, c. 15 (A.B.109), § 482, eff. April 4, 2011, operative Oct. 1, 2011, and amended by Stats.2011, c. 39 (A.B.117), § 53, eff. June 30, 2011, operative Oct. 1, 2011. Pursuant to this legislation, Cal. Penal Code § 2933 was amended so as to deal only with postsentence worktime credits. Under § 2933, "[f]or every six months of continuous incarceration, a prisoner shall be awarded credit reductions from his or her term of confinement of six months." Now, Cal. Penal Code § 4019 applies when a prisoner is confined to a county jail as a result, inter alia, of a sentence imposed pursuant to section 1170, subdivision (h).[2] See § 4019, subd. (a)(6), as added by Stats.2011, 1st Ex. Sess. 2011-2012, ch. 12, § 35, eff. Sept. 21, 2011, operative Oct 1, 2011. Section 4019 provides for accrual of credit at a rate such that four days are deemed served for every two days spent in actual custody. Subdivision (h) of the statute specifies that the changes apply to prisoners confined to county jail for crimes committed on or after October 1, 2011. Thus, a state prisoner serving a felony sentence pursuant to § 4019 in jail is entitled to earn day-for-day credits the

---

[2] Under Cal. Penal Code § 1170(h), certain convicted criminals not otherwise excluded may be permitted to serve their state prison sentence in a county jail.

same as a state prisoner serving a sentence in state prison.  Thus, it would appear that the basis for Petitioner's claim is without merit.

### ORDER

For all of the foregoing reasons, the instant petition in deficient.  Petitioner will be required to file a First Amended Petition curing the above-noted deficiencies, if he can do so, for the Court to proceed with the case.  Accordingly, the Court **ORDERS**:

1. The instant petition for writ of habeas corpus is hereby **DISMISSED**;
2. Petitioner is **GRANTED** thirty days from the date of service of this Order to file a first amended petition that complies with this order;
3. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

**Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **December 13, 2016**            /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE